# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0610-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMAINE L. COLE,

    Defendant-Appellant.

_____

Argued February 25, 2025 – Decided April 10, 2025

Before Judges Gilson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 17-04-0550.

Susan Brody, Designated Counsel, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Susan Brody, on the brief).

William P. Miller, Assistant Prosecutor, argued the cause for respondent (Mark Musella, Bergen County Prosecutor, attorney; William P. Miller, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Jamaine Cole appeals from a September 12, 2023 order denying his petition for post-conviction relief (PCR). He argues that he was entitled to an evidentiary hearing on his claim that his appellate counsel was ineffective in failing to challenge his sentence on the grounds that it was imposed without considering the overall fairness of the sentence as required by State v. Torres, 246 N.J. 246, 272 (2021). We reject that argument and affirm the order denying the PCR petition.

I.

In December 2016, a group of men broke into the home of a couple and their five-year-old child. The husband was threatened by a man holding a gun who then assaulted him. One of the intruders also pointed a gun at the mother and child. The intruders ransacked the apartment before leaving.

Defendant and codefendants were charged with crimes related to the home invasion. Following a trial, a jury convicted defendant of two counts of first-degree robbery, N.J.S.A. 2C:15-1(a)(2); second-degree conspiracy to commit armed burglary, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:18-2(a)(1); second-degree burglary, N.J.S.A. 2C:18-2(a)(1); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); and third-degree endangering

2

the welfare of a child, N.J.S.A. 2C:24-4(a)(2). Those convictions were based on defendant's role as an accomplice to the home invasion.

On the first-degree robbery convictions, defendant was sentenced to twelve years for each conviction, with periods of parole ineligibility and parole supervision as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Those sentences were run consecutively. On the burglary conviction, defendant was sentenced to seven years in prison concurrent to his other sentences. On the endangering of the welfare conviction, defendant was sentenced to three years in prison consecutive to the robbery sentences. The remaining convictions were merged. So, in aggregate, defendant was sentenced to twenty-seven years in prison, with twenty-four of those years subject to NERA.

Defendant filed a direct appeal, challenging his convictions on four different grounds. Defendant did not challenge his sentence on direct appeal. We rejected defendant's arguments and affirmed his convictions. State v. Cole, No. A-2307-18 (App. Div. June 22, 2021). The Supreme Court denied defendant's petition for certification. State v. Cole, 248 N.J. 499 (2021).

In January 2023, defendant filed a PCR petition. He was assigned counsel, who assisted him in amending the petition.

A-0610-23

On June 26, 2023, the PCR court heard arguments on the petition. Thereafter, on September 12, 2023, the PCR court issued an order and written opinion denying the petition.

II.

On this appeal, defendant argues:

> THE PCR COURT ERRED IN FINDING THAT APPELLATE COUNSEL HAD NOT BEEN INEFFECTIVE IN FAILING TO REFER TO THE RECENT DECISION IN STATE V. TORRES IN ARGUING FOR CONCURRENT SENTENCES.

Defendant also filed a pro se brief, in which he augmented his counsel's arguments concerning Torres.

When a PCR court does not conduct an evidentiary hearing, appellate courts review the denial of a PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that

4

counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). See also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the two-prong Strickland test in New Jersey). Under prong one, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Under prong two, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

A petitioner is not automatically entitled to an evidentiary hearing merely by filing for PCR. State v. Porter, 216 N.J. 343, 355 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if: (1) he or she establishes "a prima facie case in support of [PCR]," (2) "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) "an evidentiary hearing is necessary to resolve the claims for relief." Porter, 216 N.J. at 354 (alteration in original) (quoting R. 3:22-10(b)). In making that showing, a defendant must "demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the

merits." State v. Marshall, 148 N.J. 89, 158 (1997); see also R. 3:22-10(b) (stating that defendants must establish a prima facie case in support of PCR to be entitled to an evidentiary hearing). Thus, to obtain an evidentiary hearing on a PCR petition based upon claims of ineffective assistance of counsel, a defendant must make a showing of both deficient performance and actual prejudice. State v. Preciose, 129 N.J. 451, 463-64 (1992).

Defendant argues that he made a prima facie showing of ineffective assistance of his appellate counsel, contending that his appellate counsel should have supplemented his direct appeal and argue for a remand for re-sentence under State v. Torres. The decision in Torres was issued on May 11, 2021. Defendant's direct appeal had been argued the day before on May 10, 2021. Consequently, defendant now argues that his appellate counsel should have tried to supplement the direct appeal with an argument that defendant's sentence did not comport with the guidance issued by the Court in Torres. We reject this argument for two reasons.

Defendant cannot satisfy the prima facie showing required under the second prong of Strickland. Even if appellate counsel had raised Torres and argued that there was a need for a remand for an evaluation of the overall

6

fairness of the consecutive sentences, that argument would likely not have succeeded.

In Torres, the Court explained that in evaluating whether consecutive sentences should be imposed, a sentencing court must consider the Yarbough factors,[1] as well as the overall fairness of the sentence. Torres, 246 N.J. at 270. In that regard, the Court explained:

> In sum, while the Code is animated by the overarching goal of ensuring "a predictable degree of uniformity in sentencing," uniformity and predictability should not come at the expense of fairness and proportionality. We reiterate the repeated instruction that a sentencing court's decision whether to impose consecutive sentences should retain focus on "the fairness of the overall sentence." Toward that end, the sentencing court's explanation of its evaluation of the fairness of the overall sentence is "a necessary feature in any Yarbough analysis."
>
> [Ibid. (internal citations omitted).]

In this matter, the sentencing court carefully evaluated the Yarbough factors in sentencing defendant. The court focused on the fact that there were three victims, including a child. The court also focused on the fact that defendant had been convicted of six crimes, two of which merged with the other

---

[1] State v. Yarbough, 100 N.J. 627, 643-45 (1985). See also N.J.S.A. 2C:44-5 (providing guidelines when sentencing defendants to concurrent or consecutive terms).

convictions. The court then carefully explained why it was running the two twelve-year robbery convictions consecutively. The court also explained why it was running the three-year endangering the welfare of a child sentence consecutively. In that regard, the sentencing court expressly stated:

> But I find counts [three] and [four] [,the robbery convictions], [twelve], plus [twelve], and count [seven], the child endangering, should be consecutive to each other, which would be an aggregate of [twenty-seven] years in State Prison, of which on the [twelve] there is an [85%] NERA, and on the -- both [twelves,] there's an [85%] NERA. There is -- the [three] is flat.

In short, the sentencing court clearly understood that it was imposing an aggregate sentence of twenty-seven years and explained why it felt that overall sentence was fair. While the sentencing court did not expressly use the words "overall fairness," it understood and applied that concept.

We make our holding in the context of a PCR petition. Defendant argues that there are a series of cases that have been remanded for resentencing where the sentencing court did not expressly address the overall fairness of the sentence imposed as required in Torres. On a PCR petition, the question is whether defendant has made a prima facie showing of prejudice. On this record, it is speculative to argue that appellate counsel was ineffective for not raising

A-0610-23

the Torres argument, when it is not even clear that a resentencing would result in a different sentence.

The second ground for rejecting defendant's argument on this appeal is related to that last point. Because it is speculative whether defendant would have gotten a lower sentence, defendant also has not satisfied the first prong of the Strickland test. The Torres decision was issued on the day after defendant's direct appeal was argued. While the appeal was still pending, it is not clear that defendant would have been able to raise a new argument in that appeal. What is even less clear is whether defendant's appellate counsel fell below an objective standard of reasonableness in not seeking to raise what was a procedurally questionable argument. See R. 2:6-11(d)(1) (stating that a party is permitted to "serve and file a letter calling to the court's attention" relevant published opinions); see also Rosetti v. Ramapo-Indian Hills Reg'l High Sch. Bd. of Educ., 481 N.J. Super. 1, 9 (App. Div. 2025) (noting a situation where a party filed a supplemental letter calling to the court's attention a recently published decision).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-0610-23